THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00075-MR-DLH

NORMA YOUNG,            )
                        )
         Plaintiff,     )
                        )
    vs.                 )    **MEMORANDUM OF**
                        )    **DECISION AND ORDER**
                        )
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
                        )
         Defendant.     )
_____)

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment on the Pleadings [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 13].

**I.   PROCEDURAL HISTORY**

The Plaintiff Norma Young filed an application for a period of Title XVI supplemental security income on January 14, 2010, alleging that she had become disabled as of September 12, 2002. [Transcript ("T.") 71, 73]. The Plaintiff's application was denied initially on April 7, 2010, [T. 106], and was denied again upon reconsideration on July 26, 2010. [T. 126]. Upon the Plaintiff's request for a rehearing, a hearing was held before Administrative Law Judge Richard L. Leopold ("ALJ Leopold") on April 1, 2011. [T. 15]. At

the hearing, the Plaintiff amended her alleged onset date to June 18, 2009. [T. 36]. On April 15, 2011, merely two weeks after the Plaintiff's hearing on April 1, 2011, ALJ Leopold died suddenly of a massive heart attack. [Doc. 12 at 8]. On June 15, 2011, Administrative Law Judge Richard Harper ("ALJ Harper") issued an unfavorable decision. [T. 12]. On January 17, 2013, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, see Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). See also 42 U.S.C. §§ 405(g), 1383(c)(3). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the Commissioner of any Social Security as to any fact, if supported by

2

substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does

not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education, or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity ("RFC") and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## IV. THE ALJ'S DECISION

On June 15, 2011, ALJ Harper issued a decision denying the Plaintiff's claims. [T. 12-23]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since January 14, 2010. [T. 17]. The ALJ then found that the medical evidence established the following severe impairments: irritable bowel

4

syndrome, depression, and anxiety. [T. 19]. The ALJ determined that none of Plaintiff's impairments met or equaled a listing. [T. 19-20].

The ALJ then assessed the Plaintiff's residual functional capacity (RFC), finding that the Plaintiff had the ability to perform light work "but has mild limitations in concentration, persistence and pace . . . [and] has mild limitations in the ability to deal with coworkers and with the public. [T. 20]. The ALJ found that the Plaintiff was unable to perform any past relevant work. [T. 21]. Further, the ALJ noted that the transferability of job skills was not material to the determination of the Plaintiff's disability because the Medical-Vocational Rules framework supported a finding of "not disabled." [T. 22]. Finally, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that the Plaintiff could perform. [Id.].

## V. DISCUSSION[1]

The Plaintiff asserts the following assignments of error: (1) that the ALJ who made the decision was not the same ALJ who conducted the hearing, and (2) that the ALJ did not consider the opinion of Plaintiff's treating physician that she was disabled due to biliary pain; and (3) that the ALJ misinterpreted the opinions of other doctors on record. [Doc. 12 at 1].

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

The Plaintiff first contends that the decision of ALJ Harper was in error because her hearing was held by ALJ Leopold, and thus ALJ Harper did not see the Plaintiff or take testimony from her concerning her impairments and their functional effects. [Doc. 12 at 8-10]. The Plaintiff particularly asserts that "ALJ Harper erred by not holding another hearing in this case as he largely based his denial of Ms. Young's claim on an adverse credibility finding." [Doc. 12 at 8].

In so arguing, the Plaintiff cites the Hearings, Appeals and Litigation Law Manual ("HALLEX") § I-2-8-40, which states, in pertinent part, as follows:

> When an Administrative law Judge (ALJ) who conducted a hearing in a case is not available to issue the decision because of . . . other cause resulting in prolonged leave of twenty or more days, the Hearing Office Chief ALJ (HOCALJ) will reassign the case to another ALJ. The ALJ to whom the case is reassigned will review the record and determine whether or not another hearing is required to issue a decision. **The ALJ's review will include all of the evidence of record, including the audio recording of the hearing.**
>
> If the ALJ is prepared to issue a fully favorable decision, another hearing would not be necessary.
>
> If the ALJ is prepared to issue a less than favorable decision, another hearing may be necessary. For example, **another hearing would be necessary if** relevant vocational expert opinion was not obtained

6

>at the hearing, or **the claimant alleged disabling pain, and the ALJ believes the claimant's credibility and demeanor could be a significant factor in deciding the case.**

HALLEX § I-2-8-40 (emphasis added).[2] HALLEX is a "manual in which the Associate Commissioner of Hearings and Appeals conveys guiding principles, procedural guidance and information to the office of Hearings and Appeals (OHA) staff." Melvin v. Astrue, 602 F.Supp.2d 694, 699 (E.D.N.C. 2009). While "[t]he Fourth Circuit has not provided any guidance regarding the issue of whether HALLEX is judicially enforceable," Stephens v. Comm'r of Soc. Sec., No. 3:13-CV-03, 2013 WL 6044385 (N.D.W. Va. Nov. 14, 2013), district courts within the Fourth Circuit have determined that HALLEX does not impose judicially enforceable duties on the ALJ or the courts. See, e.g., Harris v. Astrue, No. 2:12-cv-45, 2013 WL 1187151, at *4 (N.D.W. Va. Mar. 21, 2013). Accordingly, the fact that Commissioner may not have complied with the HALLEX requirements does not necessarily require a remand in this matter.

Nevertheless, the Court concludes that a remand is warranted in this case. The ALJ who issued the adverse decision never saw the Plaintiff and thus was not able to observe her demeanor or to question her regarding

---

[2] Available online at http://www.ssa.gov/OP_Home/hallex/I-02/I-2-8-40.html (last visited May 2, 2014). A copy of this website as it existed on the date last visited by this Court is attached hereto as Exhibit 1.

any of her testimony.[3] The ALJ "is required to make credibility determinations ... about allegations of pain or other nonexertional disabilities." Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985) (citing Smith v. Schweiker, 719 F.2d 723, 725 n. 2 (4th Cir. 1984)). Further, the ALJ has a "duty of explanation [as] an important aspect of [his] administrative charge" to "refer specifically to the evidence informing [his] conclusion" regarding a claimant's credibility. Id., 765 F.2d at 426 (citing Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984)). The ALJ's credibility determination is "especially crucial in evaluating pain." Id., 765 F.2d at 426 (citation omitted). The Fourth Circuit has established that *"[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant*, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (emphasis added).

While ALJ Harper noted particular reasons for finding that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible, such findings were not

---

[3] In fact it is unclear from the record whether or not ALJ Harper even reviewed the audio recording or transcript of the Plaintiff's hearing prior to issuing the adverse decision.

8

based on any actual observation of the Plaintiff. [See T. 21].[4]  Accordingly, in the interests of justice and fairness for the Plaintiff, a re-hearing is necessary in this case to allow the ALJ to make a reliable credibility and demeanor evaluation of the Plaintiff.  Remand of this case will allow *one* ALJ to both fairly evaluate the Plaintiff's hearing testimony and render his decision based on substantial evidence "[b]ecause he [himself will have] the opportunity to observe the demeanor and to determine the credibility of the claimant." Shively, 739 F.2d at 989.[5]

# O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 13] is **DENIED.**

---

[4] ALJ Harper noted that the Plaintiff continued to work for two to three more years even with the abdominal pain that she attributed to her pre-2001 surgery. [Id.].  He noted that her testimony regarding her work history was inconsistent, in that she "told an examining physician that she lost her job in 2003 over a dispute concerning vacation days and not for reasons related to her health."  [Id., T. 347].  ALJ Harper also referenced the Plaintiff's care for her young son during her alleged disability period. [Id.].  Further, ALJ Harper took notice of Dr. Wachsmuth's opinion between August 2010 and October 2010 that the Plaintiff may have difficulty returning to work [T. 415], but indicated that the Plaintiff terminated her treatment with Dr. Wachsmuth and supplied no medical treatment records for 2011.  [Id.].

[5] Because the Court concludes that remand in appropriate on the Plaintiff's first assignment of error, the Court need not address the Plaintiff's assignments of error regarding the ALJ's evaluation of the opinions of her treating physician or the other medical opinions of record.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Judgment on the Pleadings [Doc. 11] is **GRANTED** to the extent that the Plaintiff seeks reversal of the Commissioner's decision denying her disability benefits. To the extent that the Plaintiff seeks an immediate award of benefits, the Plaintiff's Motion [Doc. 11] is **DENIED**.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and this case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: May 9, 2014

Martin Reidinger
United States District Judge